UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| International Brotherhood of Teamsters Local No. 25 and Sean M. O'Brien<br><br>Plaintiffs,<br><br>v.<br><br>Guy Emerson<br><br>Defendant. | Case No.: 14-10095 |

## COMPLAINT

1. Plaintiffs International Brotherhood of Teamsters Local No. 25 ("Teamsters Local 25") and Sean M. O'Brien ("O'Brien") bring this action for cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §1125 (d) and for libel and slander pursuant to state and common law against Guy Emerson.

2. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121, and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Defendant Guy Emerson has conducted business within this district and has otherwise made established contacts within this district sufficient to permit the exercise of personal jurisdiction.

4. Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claim have occurred and are occurring in this district.

5. Plaintiff Teamsters Local 25 is an unincorporated labor organization within the meaning of 29 U.S.C. §152(5) which represents employees in collective bargaining. Teamsters Local 25's principal office is located at 544 Main Street, Boston, MA 02129.

6. Plaintiff Sean M. O'Brien is the elected President and Principal Officer of Teamsters Local 25.

7. Defendant Guy Emerson is a resident of Dayton, ME. Defendant is a former employee of the Massachusetts Port Authority ("Massport") and, by virtue of his employment while at Massport, was a member of Teamsters Local 25.

8. Teamsters Local 25 is an 11,000 member labor organization in the Greater Boston Area. It represents employees from hundreds of different employers in various industries.

9. To facilitate member information and communication, Teamsters Local 25 maintains the website "www.teamsterslocal25.com." On this website, members are informed about benefits, job assignments, meetings, events, political events, job training and membership requirements.

10. Teamsters Local 25's name and website are associated with strong and loyal union membership and are respected by employers and business leaders in the area.

11. Teamsters Local 25's name and logos are distinctive and famous within the meaning of the Lanham Act.

12. On or about May 29, 2013, Defendant registered the domain name "www.teamsterslocal25.net" (the "infringing domain name") even though he had no legitimate interest in Teamsters Local 25's name and was not authorized to use Local 25's name.

13. Defendant contracted with a domain registration company, betterwhois.com, located in Australia to affect his registration.

14. Defendant provided false registrant contact information when he registered the Infringing Domain name.

15. Defendant's website has included displays of Teamsters Local 25's registered trademark and photographs of Teamsters Local 25 President Sean M. O'Brien.

16. Defendant has issued false statements and set up this website with the intent to deceive and confuse the public, to destruct and harm Plaintiffs' reputations, and to draw attention to and funding for Defendant's agenda.

17. Teamsters Local 25, through its counsel, has made numerous, albeit unsuccessful, requests that Defendant cease and desists from further use of his website.

18. As a result of Defendant's actions, union members and the public have been deceived and confused because of the material and content contained in Defendant's website.

19. Plaintiff has incurred monetary damages, including costs and legal expenses associated with Defendant's Infringing Domain name.

20. Defendant has, and continues, to repeatedly send out e-mails to public officials and private parties that are false and defamatory to Plaintiffs Teamsters Local 25 and O'Brien.

21. In September of 2013, Defendant sent out e-mails to more than 50 people with the subject line "FEDS PROBE MASSPORT DEAL WITH LOCAL 25 TEAMSTER SEAN O'BRIEN."

22. Defendant is aware, or should have been aware, that no federal authority was probing any Massport "deal" with O'Brien.  In fact, Defendant's website contains a link to a June 2001 Boston Herald story about a federal agency probing a Massport deal with former Teamsters President George Cashman.

23. Defendant's September 2013 e-mails stating that federal agents are probing a Massport deal with O'Brien are false and defamatory to President O'Brien and have caused

Teamsters Local 25 and O'Brien to be embarrassed and disgraced among labor organizations in the greater Boston community. Defendant's e-mails were sent with reckless disregard as to the truth or falsity of the statement. Defendant has repeated these statements to third parties on numerous occasions and harmed the professional reputations of both O'Brien and Teamsters Local 25.

## COUNT I
(Violation of the Anti-Cybersquatting Consumer Protection Act)

24. Plaintiff Teamsters Local 25 repeats and incorporates for reference the allegations contained in Paragraphs 1-23 as set forth fully herein.

25. The infringing domain name "teamsterslocal25.net" is confusingly similar to the Teamsters Local 25 domain name, "teamsterslocal25.com."

26. Defendant registered and used the infringing domain name with the bad faith intent of causing harm to Plaintiff Teamsters Local 25 and its reputation and of profiting unlawfully from Teamsters Local 25's domain name by using it to call attention to and promote Defendant's agenda.

27. Defendant registered and used the infringing domain name with the intent to divert individuals from Teamsters Local 25's online location to the website accessible through the infringing domain name with bad faith intent to harm Teamsters Local 25's goodwill by creating a likelihood of confusion as to source, sponsorship, affiliation or endorsement of the Defendant's site.

28. Defendant's action constitutes cyber piracy in violation of 15 U.S.C. §1125(d).

29. Defendant's unauthorized registration and use of the infringing domain name have caused and, unless enjoined, will continue to cause irreparable injury to Teamsters Local 25 and to the goodwill associated with its domain name.

30. Because Defendant's infringing conduct has caused and is likely to cause substantial injury to Teamsters Local 25, Teamsters Local 25 is entitled to injunctive relief, and to recover statutory damages under 15 U.S.C. §1117(d).

COUNT II
(Defamation)

31. Plaintiff Sean M. O'Brien repeats and incorporates for reference the allegations contained in Paragraphs 1-30 as set forth fully herein.

32. Defendant published false and defamatory statements in writing concerning O'Brien to third parties.

33. Defendant published statements that have materially and adversely affected the reputation of O'Brien in the greater Boston labor community.

34. Defendant published these statements with knowledge that they were false and/or with reckless disregard to whether or not they were false.

35. O'Brien has and will continue to suffer actual harm because of Defendant's action.

WHEREFORE, Plaintiffs Teamsters Local 25 and Sean M. O'Brien pray:

1. That Defendant, his partners, agents, or any persons in concert with Defendant, be permanently enjoined and restrained from a) using the infringing domain name and any domain name that is confusingly similar to any of Teamsters Local 25's domain names; b) engaging in any other conduct which will cause or is likely to cause confusion, mistake, deception or misunderstanding as to the source or to the affiliation, connection, association, origin, sponsorship or approval of Defendant's website or other activities by Defendant; and c) accessing or using any content of Teamster Local 25's website except as permitted by law.

2. That an accounting be ordered and judgment be rendered against Defendant for any funds received as a result of his use of the infringing domain name and any confusingly similar imitations of Teamsters Local 25's domain name.

3. That the Plaintiffs recover their actual damages.

4. That Plaintiff Teamster Local 25 recover statutory damages in the amount of $100,000 under 15 U.S.C. §117(d) for the infringement of a domain name.

5. That Plaintiffs be awarded their costs in connection with this suit, including reasonable attorney's fees and expenses.

6. That Plaintiffs be awarded such other relief as the Court may deem just and proper.

Respectfully submitted,

For the Plaintiffs,
Teamsters Local No. 25,
International Brotherhood of Teamsters and
Sean M. O'Brien

By their attorneys,

/s/ Michael A. Feinberg
Michael A. Feinberg, Esq. # 161400
Renee J. Bushey, Esq. # 629444
Feinberg, Campbell & Zack, P.C.
177 Milk Street, 3rd Floor
Boston, MA 02109
(617) 338-1976 (v)
(617) 338-7070 (f)
maf@fczlaw.com
rjb@fczlaw.com

Dated:  January 15, 2014